Justin Fok, Esq., CA Bar #242272
Law Offices of Jean D. Chen
2107 N. 1st Street, Suite 400
San Jose, CA 95131
Telephone: (408) 437-1788
Facsimile:  (408) 437-9788
Email: jfok@jclawoffice.com

Attorney for Plaintiff
Qin Chen

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| **Qin Chen,**<br><br>             Plaintiff,<br><br>     v.<br><br>**Michael B. Mukasey,** United States Attorney General;<br>**Michael Chertoff**, Secretary of the Department of Homeland Security;<br>**Emilio T. Gonzalez**, Director of United States Citizenship and Immigration Services;<br>**Robert S. Mueller III,** Director of the Federal Bureau of Investigation,<br><br>             Defendants. | Case No. C 07-4688 HRL<br><br>**PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT; AND PROPOSED ORDER**<br><br>Date:   Hearing Vacated by Court Order<br>Judge:  Howard R. Lloyd |

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

   Plaintiff is an applicant who seeks to adjust his status to Legal Permanent Resident ("LPR") in the United States.  This action arises out of Defendants' unreasonable delay in the adjudication of Plaintiff's *I-485 Application to Register Permanent Residence or Adjust Status*.

Plaintiffs' Cross-Motion for Summary Judgment
Case No. C 07-04688 HRL

1

On September 11, 2007, Plaintiff filed this action seeking mandamus relief and declaratory judgment under 28 U.S.C. § 1361, and the Administrative Procedures Act (APA). Plaintiff now seeks summary judgment in this action and asks this Court to enter an order requiring Defendants to complete adjudication of Plaintiff's I-485 application within 60 days of receiving the Court's order. Additionally, Plaintiff asks that this Court to grant reasonable attorney's fees pursuant to the Equal Access to Justice Act (28 U.S.C. § 2412) as well as any other relief at law and in equity as justice may require.

## STATEMENT OF FACTS

Plaintiff is the applicant of an I-485, *Application to Register Permanent Residence or Adjust Status*, filed with the United States Citizenship and Immigration Services (USCIS).

Plaintiff's application and the filing fee, along with all supporting documentation, were filed with USCIS on March 31, 2004.  See Complaint, Exhibit 1.

Plaintiff's initiated numerous inquiries to government officials, as well as to the USCIS regarding the status of his delayed I-485 application. After each inquiry, Plaintiff was informed that his case was pending due to the FBI name check. See Complaint, Exhibits 10-19.

The USCIS (under the auspices of the Department of Homeland Security) still retains jurisdiction over Plaintiff's I-485 application and this application still remains unadjudicated. It has now been over two and a half years since Plaintiff first filed his I-485 application with the USCIS on Mach 31, 2004.

## ARGUMENT

Plaintiff is entitled to relief under both the Mandamus Act, and the Administrative Procedures Act ("APA"), in that he may seek to compel an agency to act within a reasonable time on a non-discretionary duty. *See Wu v. Chertoff,* 2007 2007 WL 1223858 (N.D. Cal. 2007); *Independence Mining Co. C. Babbitt*, 155 F.3d 502, at 207 (9th Cir. 1997)

**I.  MANDAMUS JURISDICTION**

The Mandamus Act, codified at 28 U.S.C. § 1361, can be used to compel an officer of the United States to perform his/her duty. The act, in its entirety, states "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or

Plaintiffs' Cross-Motion for Summary Judgment
Case No. C 07-04688 HRL

2

employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. While the court cannot force the agency to exercise its discretion in a particular manner, the courts can use the Mandamus Act to compel the government to take action. A successful Mandamus plaintiff must establish that: (1) he or she has a clear right to the relief requested; (2) the defendant has a clear duty to perform the act in question; and (3) no other remedy is available. *Iddir v. INS*, 301 F.3d 492, at 499 (7th Cir. 2002).

**A. Plaintiffs have a clear and certain right to the relief requested**

An alien may apply for adjustment of status under 8 U.S.C. §1255(a), which reads in pertinent part, "The status of an alien who was inspected and admitted or paroled into the United States…may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence…" Section 245.2 of chapter 8 of the Code of Federal Regulations establishes the process by which an applicant can apply to adjust his or her status to that of a Legal Permanent Resident. Section 245.2(a)(5) provides in pertinent part: "Decision-(i) General. The applicant shall be notified of the decision of the director and, if the application is denied, the reasons for the denial." Courts have interpreted this language as creating a non-discretionary duty to adjudicate immigrant applications. *See Wu v. Chertoff*, 2007 WL 1223858 *3 (N.D.Cal.); *Quan v. Chertoff*, 2007 WL 1655601 at *3 (N.D .Cal. 2007)

Arising from this non-discretionary duty, courts have found that applicants who meet the statutory requirements for an immigrant application have a clear and certain right for adjudication. *See Wu v. Chertoff,* WL 1223858 *3. *See also Singh v. Still, 470 F.Supp.2d 1064, 1068 (N.D.Cal.2007)* ("petitioners whose applications for adjustment of status are properly before the INS ... have a right, enforceable through a writ of mandamus, to have the applications processed within a reasonable time."); *Eldeeb v. Chertoff*, 2007 WL 2209231 *18 (M.D.Fla.) (Plaintiffs meet the criteria to apply for an I-485 application, and as a qualified applicant CIS had a non-discretionary duty to act on the application.). Thus, a qualified applicant who has properly filed an I-485 application with the USCIS possesses a clear and certain right to the adjudication of that application.

Plaintiffs' Cross-Motion for Summary Judgment
Case No. C 07-04688 HRL

3

Defendants concede that the I-485 applications at issue in this case have been properly filed and thus the Plaintiff in this case has a clear and certain right to have his application processed. *See* Answer ¶ 11.

**B. The Plaintiffs are owed a mandatory duty**

In addition to showing that there is a clear and certain right to relief, Plaintiff must also demonstrate that Defendants owe him a mandatory duty to act. While the courts cannot force a particular discretionary act, courts can use mandamus jurisdiction to compel a government agency to perform a non-discretionary duty if they have failed to take any action. *See Singh*, 470 F. Supp.2d at 1068 (Defendants conceding that there is mandatory duty to act on adjustment of status applications and the Court finding that pertinent regulations support such a conclusion.) *See also Gelfer v. Chertoff*, 2007 WL 902382 at *1 (N.D. Cal. 2007).

A majority of district courts, including the Northern District of California, have interpreted the language of 8 U.S.C. §1255(a) to mean that while the Department of Homeland Security ("DHS") has discretion over *how* to adjudicate an application, the decision as to *whether* it must adjudicate is non-discretionary, thus creating a mandatory duty on the Defendants to adjudicate the I-485 applications. *See Quan v. Chertoff*, 2007 WL 1655601 at *2; *Razaq v. Poulos*, 2007 WL 61884 at *3; *Singh v. Still*, 470 F.Supp.2d 1064, at 1067 (N.D. Cal. 2007). *See also Yu v. Brown*, 36 F.Supp.2d 922, 932 (D.N.M.1999).

**C. No other remedy is available**

In order to prevail on an action in mandamus, Plaintiff must also demonstrate that he has exhausted his administrative remedies. Plaintiff has made several inquires to the USCIS and his Congressional Representative. *See* Complaint, Exhibits 10-19. Despite his attempts to further the application process, Plaintiff's application is still pending after two and a half years. Plaintiff has no other remedy available to him other than to continue to wait for the USCIS to act on his application, and "waiting for an agency to act cannot logically be an adequate alternative to an order compelling the agency to act." *Fu v. Reno*, 2000 WL 1644490, at 4 (N.D.Tex., 2000).

**II. APA JURISDICTION**

Plaintiff is also entitled to relief under the APA and 28 U.S.C. §1331. The APA

mandates that, "…within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). The APA allows for a district court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). Although no time frame is specifically defined by the APA, this Court has held that § 555(b) and § 706(1) of the APA creates a reasonable time requirement for adjustment of status applications. *Aboushaban v. Mueller*, 2006 WL 3041086, at *5 (N.D. Cal. 2006).

**A. Unreasonable Delay**

"What constitutes unreasonable delay in the context of immigration applications depends to a great extent on the facts of the particular case." *Yu*, 36 F. Supp. 2d at 934. In this case, the Defendants have indicated that the delay is due to the FBI name check. *See* Complaint, Exhibits 10-19. While Plaintiff understands the need for the FBI name check, Defendants fail to provide a particularized reason as to why Plaintiff's name check has taken over two and a half years. Without a particularized reason as to why the name check is taking such an inordinate amount of time, this Court has found that a two-year delay to be unreasonable as a matter of law. *See Chao v. Gonzales* 2007 WL 3022548 at *6 (N.D.Cal.) October 15, 2007 (delay of two years is unreasonable as a matter of law).

**B. Taking into account other factors in addition to the length of time in the delay**

When a statute is silent as to when a government agency must act, the Ninth Circuit has considered six factors in determining whether an agency delay is unreasonable. *Biodiversity Legal Foundation v. Badgley,* 309 F.3d 1166, n. 11 (9th Cir. 2002) (using the six factor test from *Telecommunication Research and Action Center* (*TRAC*) *v. F. C.C.,* 242 U.S. App. D.C. 222, 750 F.2d 70 (D.C. Cir. 1984)). These six *TRAC* factors are:

> (1) the time agencies take to make decisions must be governed by a rule of reason;
> (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;
> (3) delays that might be reasonable in the sphere of economic regulations are less tolerable when human health and welfare are at stake;
> (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;

Plaintiffs' Cross-Motion for Summary Judgment
Case No. C 07-04688 HRL

(5) the court should also take into account the nature and extent of the interests prejudiced by delay;
(6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

When considering all six factors in addition to the length of the delay, this Court should find the DHS' delay to be unreasonable and grant Plaintiff's Motion for Summary Judgment.

### 1) The time agencies take to make decision must be governed by a rule of reason

The Defendants offer no particularized reason as to why Plaintiff's I-485 application is suffering from such a long delay other than to give the generic and non-specific explanation that the security check remains pending with the FBI. *See* Complaint, Exhibits 10-19. Even given the normal fluctuations inherent in application processing times, a delay of over two and a half years when the normal processing time is six to eight months breaks from the rule of reason.

### 2) Where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason.

Congress has given its indication of the speed with which it expects DHS to complete adjudication of I-485 immigrant petitions. In the year 2000, Congress enacted the Immigration Services and Infrastructure Improvement Act ("Act") to improve the efficiency and processing infrastructure of the immigration system. At Section 202 of the Act entitled "Purposes" the Act explicitly states that "It is the sense of the Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application…" 8 U.S.C.A § 1571(b). Thus, Congress could not have intended to permit potentially unlimited delays for the adjudication of the applications at issue and this Court should consider a six-month processing time as the touchstone in determining the "rule of reason."

### 3) Delays that might be reasonable in the sphere of economic regulations are less tolerable when human health and welfare are at stake and the court should also take into account the nature and extent of the interests prejudiced by delay. [1]

---

[1] The third factor overlaps significantly with the analysis of the fifth factor and can both be taken together in the context of immigration applications. *See Razaq v. Poulos,* 2007 WL 61884, at *7 (N.D.Cal., 2007).

Plaintiffs' Cross-Motion for Summary Judgment
Case No. C 07-04688 HRL

6

Delays in the immigration arena affect human health and welfare, and are thus less tolerable than those affecting only economic interests. *Ibrahim v. Chertoff,* 2007 WL 1558521, at *7 (S.D.Cal., 2007). The delay in the processing of Plaintiff's green card is much more than a mere inconvenience; the delay significantly impacts the plaintiff's professional and personal live.

The delay of Plaintiff's I-485 application substantially affects Plaintiff's career development. Specifically, he has had the desire to explore other career opportunities in other fields but have been unable to, because his immigration Employment-based Category (EB-1B) requires that he stay in the same filed until the I-485 application process is complete. Declaration ¶ 4

Additionally, Plaintiff wishes to immediately apply for U.S. citizenship as soon as he is able. However, because of the delay in the processing of his I-485, Plaintiff is unable to accrue the five-year residency required for those who wish to attain citizenship. The over three-year delay in this case has denied Plaintiff over three years worth of the rights and privileges enjoyed by citizens of the United States. Declaration ¶ 7. Plaintiff also must renew his Advance Parole (AP) and Employment Authorization Document (EAD) each year in order to travel and to work legally. This costs Plaintiff additional time and money; to date, over $1,090 has been spent on his EAD and AP renewals. Declaration ¶ 5

**4) The court should consider the effect of expediting delayed action on agency activities of a higher or competing priority, but the Court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.[2]**

Although the role of Defendants is pivotal to the security of the United States of America, they have given no individualized showing that the Plaintiff poses any risk to national security. *Santillan v. Gonzales,* 388 F.Supp.2d 1065, at* 1082 (N.D.Cal., 2005) (Absent any such particularized showing, defendants' national security argument cannot excuse the administrative backlogs and bureaucratic delay for Plaintiffs' LPR status applications) *See also Singh v. Still,* 2006 WL 3898174 at *4 (mere invocation of national security is not enough to render agency

---

[2] The fourth and sixth *TRAC* factors also overlap and can be analyzed together. *See Santillan v. Gonzales,* 388 F.Supp.2d 1065, at* 1084 (N.D.Cal., 2005).

Plaintiffs' Cross-Motion for Summary Judgment
Case No. C 07-04688 HRL

7

delay reasonable per se without further showing as to why Plaintiff requires greater scrutiny.) Petitioner has contacted the USCIS in order to ascertain the progress of his FBI name check and the USCIS never indicated that Plaintiff posed any type of national security risk.  Assuming for a moment that Plaintiff does indeed pose a yet undiscovered threat to national security, it would seem that the interests of national security would be better served if the USCIS and the FBI expedited his name check and completed the application investigation process as soon as possible in order to uncover the nature of such a threat.  Allowing Plaintiff's FBI name check and I-485 application to languish for over two and a half years does not appear to coincide with the national security priority that the FBI name check is purported to serve.

## **CONCLUSION**

Plaintiff has a clear right to relief under both the Mandamus Act and the Administrative Procedures Act.  Defendants have a clear non-discretionary duty to complete adjudication of Plaintiff's I-485 application within a reasonable time.  For these reasons, Plaintiff respectfully requests that the Court grant summary judgment in his favor.

Dated: January 15, 2008                                         Respectfully Submitted,


                                                                _____/s/_____
                                                                Justin G. Fok
                                                                Attorney for Plaintiff

Plaintiffs' Cross-Motion for Summary Judgment
Case No. C 07-04688 HRL