JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MELANIE L. PROCTOR (CSBN 228971)
Melanie.Proctor@usdoj.gov
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6730
FAX: (415) 436-7169

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| QIN CHEN,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL B. MUKASEY, United States Attorney General; MICHAEL CHERTOFF, Secretary of the Department of Homeland Security; EMILIO T. GONZALEZ, Director of the Citizenship and Immigration Services; ROBERT S. MUELLER III, Director of the Federal Bureau of Investigation,<br><br>Defendants. | No. C 07-4688 HRL<br><br>DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT<br><br>No Hearing By Stipulation and Court Order |

## I. INTRODUCTION

Plaintiff Qin Chen ("Plaintiff") asks this Court to issue a writ of mandamus, compelling Defendants reach a decision on his application for adjustment of status. He also asks the Court to find that Defendants have violated the Administrative Procedure Act ("APA"), and to grant relief under the Declaratory Judgment Act. Plaintiff's claims must fail. Plaintiff's application remains pending because his name check is not yet complete. The facts are undisputed, and Defendants are entitled to judgment as a matter of law. Accordingly, Defendants respectfully ask this Court to deny Plaintiff's motion, and grant their motion for summary judgment.

///

## II.   ANALYSIS

### A.   DEFENDANTS MUKASEY AND MUELLER SHOULD BE DISMISSED

Courts in this district have recognized that since March 1, 2003, the Department of Homeland Security has been the agency responsible for implementing the Immigration and Nationality Act. See 6 U.S.C. §§ 271(b)(5), 557; Clayton v. Chertoff, et al., No. 07-cv-02781-CW, slip. op., at 4-7 (N.D. Cal. Oct. 1, 2007); Konchitsky v. Chertoff, No. C-07-00294 RMW, 2007 WL 2070325, at *6 (N.D. Cal. July 13, 2007); Dmitriev v. Chertoff, No. C 06-7677 JW, 2007 WL 1319533, at *4 (N.D. Cal. May 4, 2007). Accordingly, the only relevant Defendants here are those within the Department of Homeland Security, and Defendants Michael B. Mukasey and Robert S. Mueller should be dismissed.

### B.   PLAINTIFF HAS FAILED TO ESTABLISH THE EXISTENCE OF AN UNREASONABLE DELAY

As set forth in Defendants' Motion for Summary Judgment, a review of the six factors set forth in Telecomm. Research and Action Ctr. v. FCC, 750 F.2d 70, 80 (D.C. Cir. 1984), reveals that Plaintiff has failed to establish the existence of an unreasonable delay. Accordingly, his motion should be denied.

#### 1.   Defendants' Process Is Governed By A Rule of Reason

Defendants' process for evaluating I-485 applications is governed by a rule of reason because United States Citizenship and Immigration Services ("USCIS") does everything it can to ensure that no eligible alien waits longer than reasonably necessary to receive a decision. Declaration of Catarina Robles (attached as Exh. D), p. 3 ¶ 8; see Mahdavi v. Chertoff, No. 06cv2716 DMS, 2007 WL 474556, at *2 (S.D. Cal. Oct. 29, 2007) (finding that the rule of reason is "the uncertain duration of the integral background checks."). Plaintiff posits that because his case has not yet been adjudicated, the delay is unreasonable. Plaintiff's Motion, p. 5. However, as set forth in the Robles Declaration, the USCIS monitors cases with pending name checks on a weekly basis to identify those in which a response from the Federal Bureau of Investigation ("FBI") has been received. See Exh. D, p. 3 ¶ 8.

Plaintiff suggests that Defendants have failed to offer particularized information that would

1  explain why the name check is taking "such an inordinate amount of time." Plaintiff's Motion, p.
2  5. The name check consists of an examination of law enforcement investigatory records. See Doe
3  v. FBI, 936 F.2d 1346, 1348 n.2 (D.C. Cir. 1991) (explaining that the Central Records System is the
4  FBI's central filing system, containing the agency's investigative records on various individuals and
5  subject matters); Defendants' Motion, Exh. A, p. 2 (explaining that the name check consists of a
6  review of files compiled by law enforcement). Plaintiff is not entitled to know the particularized
7  details of any law enforcement investigation. FBI v. Abramson, 456 U.S. 615, 631-32 (1982)
8  (holding that "information initially contained in a record made for law enforcement purposes
9  continues to meet the threshold requirements of [5 U.S.C. § 552(b)(7)] where that recorded
10 information is reproduced or summarized in a new document prepared for a non-law-enforcement
11 purpose.").

12              2.     There is No Congressionally Mandated Timetable

13 Plaintiff's reliance on 8 U.S.C. § 1571 is misplaced, because the statute expresses a "sense
14 of Congress," and is not a mandate. See Wright v. City of Roanoke Redevelopment and Housing,
15 479 U.S. 418, 432 (1987) (statute phrased in precatory terms does not create a substantive right);
16 Orkin v. Taylor, 487 F.3d 734, 739 (9th Cir. 2007) ("'Sense of Congress' provisions are precatory
17 provisions, which do not in themselves create individual rights, or, for that matter, any enforceable
18 law."). Furthermore, the statute was enacted in 2000, prior to the events of September 11, 2001.
19 See Immigration Services and Infrastructure Improvements Act of 2000, Pub. L. No. 106-313, 114
20 Stat. 1251 (enacted Oct. 17, 2000). Accordingly, it no longer provides a meaningful standard
21 against which the Court can measure the delay at issue in this case. The events of September 11,
22 2001 marked a dramatic shift in issues involving national security. See Defendants' Motion, Exh.
23 B, pp. 8-9 ¶¶ 21-22. Courts have taken note of this change:

24     It is well known that since September of 2001, the FBI's resources have been sorely
       taxed by the demands that have been made on it by the Administration. Legitimate
25     national security concerns, intensified by the sophistication of some of the threats to
       the lives of people in this country, have forced federal agencies to be considerably
26     more careful and thorough in their investigations than they were in the past. In short,
       there was a lot more work for the FBI to do and it had to be done a lot more
27     carefully.

28 Razaq v. Poulos, No. C 06-2461 WDB, 2007 WL 61884, at *12 (N.D. Cal. Jan. 8, 2007).

       3.    Plaintiff Has Failed To Establish That The Delays Impact His Health or Welfare

Here, as in <u>Mahdavi</u>, Plaintiff has not presented any evidence that delays in processing negatively impact his health. <u>Mahdavi</u>, 2007 WL 4747556, at *3. In addition, he has not declared that he is unable to pay the fees for appropriate work and travel permits, or that the fees will render him destitute. Plaintiff's Motion, Chen Decl. ¶ 5; <u>Mahdavi</u>, 2007 WL 4747556, at *3 ("The context for this factor is grounding in <u>Blankenship v. Sec'y of HEW</u>, 586 F.2d 329, 334 (6th Cir. 1978)[,]" where the individuals seeking relief were destitute and seeking benefits for the necessities of human life). As such, Plaintiff has failed to establish that the delay in adjudicating his adjustment application has impaired his health and human welfare. <u>Mahdavi</u>, 2007 WL 4747556, at *3.

       4.    Expediting Plaintiff's Name Check Would Have a Negative Effect on Agency Activities

Plaintiff argues that the effect of expediting his name check would actually weigh in favor of granting his motion. Plaintiff's Motion, pp. 7-8. However, his argument that it would be more in the interest of national security to expedite his name check cuts against the discretion of the FBI to set priorities for processing background checks. <u>See, e.g.</u>, <u>Konchitsky</u>, 2007 WL 2070325, at *6-7 (stating "courts squarely addressing the issue of whether they have jurisdiction to compel the FBI to perform name checks . . . have overwhelmingly concluded that they do not."); <u>Yan v. Mueller</u>, No. H-07-0313, 2007 WL 1521732, at *6 (S.D. Tex. May 24, 2007) ("The evidence shows that the delay is due, not only to the volume of requests that the FBI receives, but also to the FBI's <u>exercise of discretion</u> in determining the timing for conducting the many name check requests that it receives and the manner in which to conduct those checks." (emphasis added)). Furthermore, as recognized by the district court in <u>Eldeeb v. Chertoff</u>, No. 07cv236-T-17EAJ, 2007 WL 2209231 (M.D. Fla. July 30, 2007), the fact the majority of cases are processed within a lesser time frame "suggests that . . . the requests without results after six months are so because those particular Name Check requests require more time to investigate." <u>Id.</u> at *5. Thus, contrary to Plaintiff's contention, Defendants are acting diligently in their efforts to complete adjudication in a timely manner. <u>See</u> <u>Mahdavi</u>, 2007 WL 474556, at *3 (finding that "Defendants are processing outstanding background

checks as quickly as possible"). Accordingly, this factor actually weighs against granting Plaintiff's Motion. <u>Mahdavi</u>, 2007 WL 4747556, at *3 (finding that expediting the plaintiff's name check would result in no net gain, and applications of a higher or competing priority would be delayed).

Plaintiff argues that this Court should follow the decision in <u>Aboushaban v. Mueller</u>, No. C 06-1280 BZ, 2006 WL 3041086 (N.D. Cal. Oct. 24, 2006), and <u>Singh v. Still</u>, 470 F. Supp. 2d 1064 (N.D. Cal. 2007),[1] and grant him the relief he seeks. Those cases are distinguishable from the case at hand. In <u>Aboushaban</u>, the plaintiff's application had been pending for nearly a decade. <u>Aboushaban</u>, 2006 WL 3041086, at *2. Furthermore, when the district court decided the motions for summary judgment, the FBI name check was complete. <u>Id.</u> Accordingly, the facts of <u>Aboushaban</u> do not comport with those of the case at hand.

Similarly, in <u>Singh</u>, there was a two and a half year delay between when the plaintiff filed his first adjustment application and his name check was initiated. <u>Singh</u>, 470 F. Supp. 2d at 1068. Here, Plaintiff's name check was initiated within a few months of his interview in San Jose on his reopened application. <u>See</u> Exh. B, p. 15 ¶ 41; Exh. D, p. 5 ¶ 15. Additionally, the court in <u>Singh</u> was concerned that the defendants had taken no action on the plaintiff's case until initiation of litigation. <u>Id.</u> Here, Plaintiff's application is monitored on a weekly basis. Exh. D, p. 3 ¶ 8.

        5.       <u>Plaintiff Has Not Been Prejudiced By The Delay</u>

As in <u>Mahdavi</u>, Plaintiff has offered little in the way of an explanation of how he is prejudiced by the delay in his case. He states only that he must pay additional filing fees in order to work and travel legally, and that he is unable to accrue time to apply for citizenship. <u>See</u> Complaint, p. 6 ¶ 26; Plaintiff's Cross Motion for Summary Judgment, Declaration of Chen Qin. Plaintiff has not articulated a reason why this interest should outweigh the Government's interest

---

[1] Plaintiff also cites <u>Gelfer v. Chertoff</u>, No. 06-06724 WHA, 2007 WL 902382 (N.D. Cal. Mar. 22, 2007); however, that decision involved a motion to dismiss, and thus, applied a different legal standard. Moreover, Judge Alsup specifically noted that it was inappropriate, at the dismissal stage, to decide whether the delay was unreasonable. 2007 WL 902382, at *2. Further, Plaintiff's citation to a number of district court cases finding unreasonable delay is unavailing. District courts are split on the legal issues in cases such as the case at hand; for each decision ordering relief, there is a decision holding the opposite. <u>See, e.g.</u>, <u>Li v. Chertoff</u>, 482 F. Supp. 2d 1172, 1177 (S.D. Cal. 2007) (cataloging cases).

1  in a thorough and accurate background check.  See Mahdavi, 2007 WL 4747556, at *3.

2      6. <u>Plaintiff Has Failed to Establish the Existence of Agency Impropriety</u>

3   While there may have been some initial irregularities with the processing of Plaintiff's application, those issues are now resolved and the sole remaining impediment to adjudication is the pending background check.  See Exh. D, p 5 ¶ 15; see also Plaintiff's Complaint, Exh. 17, Letter from Rosemary Melville (explaining that two name checks had been initiated in Plaintiff's case, the first just two weeks after he filed his adjustment application, and both of which remain pending). Accordingly, Plaintiff has failed to establish that adjudication in his case has been unreasonably delayed.  See Mahdavi, 2007 WL 4747556, at *4 (finding that after consideration of the six factors articulated in Telecomm. Research and Action Ctr. v. FCC, 750 F.2d 70, 80 (D.C. Cir. 1984), the plaintiff had failed to establish that adjudication was unreasonably delayed, and thus granting the Government's motion for summary judgment).

 Plaintiff rests his arguments on a single fact: the passage of time.  However, "[t]he passage of time alone is rarely enough to justify a court's intervention in the administrative process, especially since administrative efficiency is not a subject particularly suited to judicial intervention." Singh v. Ilchert, 784 F. Supp. 759, 765 (N.D. Cal. 1992); see also Eldeeb, 2007 WL 2209231, at *18 (finding that while the plaintiff had the right to have his application adjudicated, he "does not have a right to action on his application at a certain pace.").  Plaintiff has failed to establish any facts that show the delay is unreasonable.  Further, Defendants have established good cause for the delay in processing Plaintiff's application.

///
///
///
///
///
///
///
///

OPPOSITION TO PLAINTIFF'S MOTION
No. C 07-4688 HRL    6

### C. PLAINTIFF'S CLAIM IS NOT CLEAR AND CERTAIN

Mandamus is reserved for those situations in which the plaintiff's claim is clear and certain. Kildare, 325 F.3d at 1078. Here, because Plaintiff has failed to establish that action on his application has been unreasonably delayed, he has failed to show that his claim is so clear and certain that mandamus is justified. Accordingly, Plaintiff's Motion should be denied, and summary judgment should be granted in Defendants' favor.[2]

### III. CONCLUSION

For the foregoing reasons, the Government respectfully asks the Court to deny Plaintiff's Motion for Summary Judgment, and grant Defendants' Motion for Summary Judgment as a matter of law.

Dated: January 29, 2008

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

_____/S/_____
MELANIE L. PROCTOR
Assistant United States Attorney
Attorney for Defendants

---

[2] Defendants note that Plaintiff also asks for EAJA fees. Should the Court grant Plaintiff's motion, Defendants respectfully request the opportunity to fully brief the merits of Plaintiff's request.