Justin Fok, Esq., CA Bar #242272
Law Offices of Jean D. Chen
2107 N. 1st Street, Suite 400
San Jose, CA 95131
Telephone: (408) 437-1788
Facsimile:  (408) 437-9788
Email: jfok@jclawoffice.com

Attorney for Plaintiff
Qin Chen

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **Qin Chen**<br><br>Plaintiff,<br><br>v.<br><br>**Michael B. Mukasey**, United States Attorney General, U.S. Department of Justice;<br>**Michael Chertoff**, Secretary of the Department of Homeland Security;<br>**Emilio T. Gonzalez**, Director of United States Citizenship and Immigration Services;<br>**Robert S. Mueller III**, Director of the Federal Bureau of Investigation,<br><br>Defendants. | Case No. C 07-4688 HRL<br><br>**OPPOSITION TO DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Vacated by Court Order |

### INTRODUCTION

Plaintiff is an applicant who seeks to adjust his status to Legal Permanent Resident ("LPR") in the United States.  This action arises out of Defendants' unreasonable delay in the adjudication of Plaintiff's *I-485 Application to Register Permanent Residence or Adjust Status*.

Plaintiff's Opposition to Defendant's Motion for Summary Judgment
Case No. C 07-4688 HRL

1

On September 11, 2007, Plaintiff filed this action seeking mandamus relief and declaratory judgment under 28 U.S.C. § 1361, and the Administrative Procedures Act (APA). Plaintiff now seeks summary judgment in this action and asks this Court to enter an order requiring the USCIS to complete adjudication of Plaintiff's I-485 application within 60 days of receiving the Court's order. Additionally, Plaintiff asks that this Court to grant reasonable attorney's fees pursuant to the Equal Access to Justice Act (28 U.S.C. § 2412) as well as any other relief at law and in equity as justice may require. Both parties filed cross-Motions for Summary Judgment on January 15, 2007, and both parties have stipulated to vacating the Summary Judgment Hearing to have this case decided upon the submitted motions. There is no dispute as to the facts of this case and Plaintiff is entitled to summary judgment as a matter of law. This Opposition is in response to Defendant's Cross Motion for Summary Judgment.

## ANALYSIS

### A.  NO OBJECTION TO DISMISSING MUKASEY AND MUELLER

Plaintiff does not object to dismissing Defendants Mukasey and Mueller from this action but believes that Defendant Gonzalez should remain due to his position as Director of the USCIS. The USCIS is the agency responsible for the processing of the I-485 applications that are at issue in this case. *See* Answer at 5.

### B.  DEFENDANTS' DELAY IS UNREASONABLE

The defendants argue that the TRAC factors support the conclusion that the delay in Plaintiff's I-485 case is reasonable; however, the defendants' analysis is flawed.

First, Defendants assert that Congress has imposed no deadline on either the I-485 process or the name check process. While it is true that Congress has not explicitly set a deadline for either process, the second TRAC factor only requires that Congress provide "a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute." As mentioned in Plaintiff's motion for summary judgment, such indication is given in the Immigration Services and Infrastructure Improvement Act ("Act"). At Section 202 of the Act entitled "Purposes" the Act explicitly states that "It is the sense of the Congress that the processing of an immigration benefit application should be completed not later than 180 days

after the initial filing of the application…" 8 U.S.C.A § 1571(b).  Thus, Congress could not have intended to permit potentially unlimited delays for the adjudication of the applications at issue.

      Second, Defendants characterize Plaintiff's interest in a timely processed application as "minimal" and posit that he is free to work and travel while his case is pending.  *See* Def's Motion at 8.  On the contrary, the delay in the processing of Plaintiff's I-485 application is placing a significant burden on him.  Because Plaintiff must stay employed within the same professional field to keep his I-485 application valid, he is unable to explore other employment opportunities that would be available to him if his I-485 were approved.  *See* Plaintiff's Motion, Declaration of Qin Chen, ¶ 4.  Also, in order to freely work and travel, each year, Plaintiff must apply, and pay for, Employment Authorization and Advance Parole.  To date, over $1,090 has been spent in order to allow him to work and travel legally.  *See* Decl., ¶ 5.  Plaintiff must continue to pay these additional filing fees each year his I-485 case remains unprocessed.  Furthermore, Plaintiff desires to become a United States citizen as quickly as possible so that he may exercise his right to vote.  Because of the delay in the processing of his I-485 application, he is unable to accrue the necessary residency to become eligible for citizenship. *See* Decl., ¶ 7

## **CONCLUSION**

      After nearly four years of waiting, Plaintiff has a clear right to relief under both the Mandamus Act and the Administrative Procedures Act.  Defendants have a non-discretionary duty to complete adjudication of Plaintiff's I-485 application within a reasonable time.  For these reasons, Plaintiff respectfully requests that the Court grant summary judgment in his favor.

Dated: January 29, 2007                                          Respectfully Submitted,

                                                                            /s/
                                                              Justin G. Fok
                                                              Attorney for Plaintiff